## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

HENRY HINTON, JR. #200283                                                    **PLAINTIFF**

VS.                                        **CIVIL ACTION NO. 3:16-cv-616-WHB-JCG**

DENNIS MARTIN and
PREMIER SUPPLY, LLC                                                    **DEFENDANTS**

### ANSWER AND DEFENSES OF
### DEFENDANT DENNIS MARTIN

COMES NOW, Dennis Martin by and through counsel, and responds to the allegations in

the Complaint filed against him by the Plaintiff as follows:

### FIRST DEFENSE

Plaintiff's claims are barred because Plaintiff is a prison inmate who failed to properly

exhaust all administrative remedies and internal grievance procedures before bringing this action.

Further, Plaintiff's claims are in violation of the Prisoner Litigation Reform Act 42 U.S.C. §1997e.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and this action

should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

### FOURTH DEFENSE

Plaintiff's claims should be dismissed for lack of personal jurisdiction.

### FIFTH DEFENSE

Plaintiff's claims are barred on the basis that Plaintiff lacks standing to bring this action.

### SIXTH DEFENSE

Plaintiff's claims are barred against Dennis Martin individually because Martin is

protected under Mississippi law from individual liability by the corporate veil of protection afforded to the limited liability company of which he is a member, and Plaintiff cannot pierce the corporate veil or hold Mr. Martin personally liable for acts that allegedly were caused by the company.

## SEVENTH DEFENSE

Plaintiff's claims should be dismissed for insufficient process and for insufficient service of process.

## EIGHTH DEFENSE

Plaintiff's claims are barred on the basis that Plaintiff incorrectly named and sued a non-existent entity as a defendant in this action, Premier Supply, LLC.  No entity by that name exists; thus, Plaintiff sued the wrong entity.

## NINETH DEFENSE

Plaintiff's claims are barred by the Doctrines of Estoppel, Waiver, and Laches and are barred in whole or in part by the applicable statute of limitations.

## TENTH DEFENSE

Plaintiff's claims are barred on the basis that no case or controversy exists.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the terms and conditions of all applicable contracts, including but not limited to the contract for services between Premier Supply Link, LLC and the Mississippi Department of Corrections.

## TWELFTH DEFENSE

Plaintiff's claim for treble or punitive damages under Mississippi law violates Dennis Martin's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States

Constitution, and Article III, Sections 14, 23, 26 and 28 of the Mississippi Constitution because, among other things: (1) Mississippi's standard for an award of punitive damages is so vague and indefinite that it does not give Dennis Martin fair notice of the kind of conduct that would subject it to punishment or the severity of the penalty that the State might impose; (2) the jury is not provided with standards of sufficient clarity, objectivity, and uniformity for determining either the appropriateness or the appropriate amount of the punitive damage award; (3) the jury is not instructed on the limits of punitive damages awards imposed by the applicable principals of punishment and deterrence;  (4) an award of punitive damages is not subject to judicial review on the basis of objective and uniform standards; (5) Plaintiff's claim exceeds the legitimate interest of the State in punishing unlawful conduct and deterring its repetition; (6) Plaintiff's claim is grossly excessive in comparison to the civil or criminal penalties that could be imposed for comparable conduct; (7) there is no basis to assume that a lesser deterrent would not adequately protect the interest of the State's citizens; (8) Plaintiff's claims would impose an undue burden on interstate commerce; and (9) for other reasons to be assigned at trial.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred on the basis that the actions of Defendants are in accordance with Mississippi Code Annotated §47-5-1 *et seq* and §27-65-1 *et seq*.

## FOURTEENTH DEFENSE

Plaintiff's claims should be dismissed for failure to comply with Rule 83.8 of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern District of Mississippi.

## FIFTEENTH DEFENSE

Plaintiff's claims should be dismissed for failure to plead a justiciable claim under 18 U.S.C. §1962.

## SIXTEENTH DEFENSE

Plaintiff's claims should be dismissed for failure to plead fraud with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims are barred as unripe for judicial review, moot, and/or otherwise failing to state a justiciable controversy.

## NINETEENTH DEFENSE

Defendant affirmatively asserts all defenses which he is or may become entitled to through further discovery pursuant to Rules 8 (c) and or 12(b) of the Federal Rules of Civil Procedure.

## TWENTIETH DEFENSE

Plaintiff's claims for injunctive relief should be dismissed on the basis that there is no probability that Plaintiff can meet the legal standard required to obtain such relief nor has he pled the elements necessary for injunctive relief.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the Prison Litigation Reform Act 42 U.S.C. §1997e.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by Rule 23 of the Federal Rules of Civil Procedure, and it is improper as a matter of law to bring this action on behalf of any alleged class of plaintiffs.

## TWENTY-FIFTH DEFENSE

Defendant affirmatively asserts all defenses to which he is or may become entitled to raise through further discovery and/or pursuant to Mississippi Rule of Civil Procedure 8(c) and/or 12(b).

## ANSWER

Defendant responds to the allegations asserted by Plaintiff in the Complaint paragraph by paragraph as follows:

## INTRODUCTION

The allegations are denied.

## JURISDICTION

The allegations are denied.

## PLAINTIFF'S INFORMATION

The allegations are denied. On information and belief, inmate Hinton is incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi.

## DEFENDANT'S INFORMAITON

The allegations are denied. It is expressly denied that any entity by the name of Premier Supply, LLC is a proper party to this action.

5

## TABLE OF CONTENTS

These statements do not call for an admission or denial but are denied out of an abundance of caution.

## PARTIES

1. Denied. On information and belief, inmate Hinton is incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi.

2. Denied.

3. Denied. It is expressly denied that any entity by the name of Premier Supply, LLC is a proper party to this action.

4. Denied.

5. The allegation calls for a legal conclusion and as such is denied as stated.

6. Denied. It is expressly denied that Defendant Martin can be held liable in his individual capacity for any claims alleged by Plaintiff.

7. Denied.

8. Denied.

The sentence immediately following paragraph 8 is denied.

## TAXATION WITHOUT REPRESENTATION

1. Denied as stated. On information and belief, inmate Hinton filed multiple grievances which were rejected. It is expressively denied that inmate Hinton properly exhausted all administrative remedies prior to filing this lawsuit.

6

## PROPERTY THEFT

1.      Denied as stated.  On information and belief, inmate Hinton filed multiple grievances which were rejected.  It is expressively denied that inmate Hinton properly exhausted all administrative remedies prior to filing this lawsuit.

2.      Denied as stated.  On information and belief, inmate Hinton filed multiple grievances which were rejected.  It is expressively denied that inmate Hinton properly exhausted all administrative remedies prior to filing this lawsuit.

## PREVIOUS LAWSUIT INFORMATION

1-7.    The allegations contained in paragraphs 1-7 are admitted; however, on information and belief, inmate Hinton has filed other lawsuits which are not disclosed; thus, it is denied that this list is exhaustive.  Defendant demands full disclosure of all lawsuits in which inmate Hinton is a party whether as a plaintiff or defendant, criminal and civil.

## DECLEARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.

## STATEMENT OF CLAIM I THE FACTS

1.      Denied as stated.  The commissary charges a sales tax as required by the laws of the State of Mississippi.

2.      Denied as stated.  History speaks for itself.

3.      Denied.

## HISTORY

4.      Denied as stated.  History speaks for itself.  Defendant admits on information and belief that many early American colonists were angry at the British for a multitude of reasons.

5.      Denied as stated.  History speaks for itself.  Defendant admits that the early American colonists declared their independence from the British on July 4, 1776.

6.      Denied.  Dennis Martin expressly denies being British and admits that he is and always has been a citizen of the United States of America.

7.      Denied.  History speaks for itself.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Denied.

12.      Denied.

The unnumbered sentence under paragraph 12 does not require a response but out of an abundance of caution is denied.

### PREDICATE II "THEFT"

1.      Denied.

2.      Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.

3.      Denied.

4.      Denied.

5(a).      Denied.

(b).      Denied.

(c).      Denied.

6.      Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.

7.      Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.

8.      Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.

9.      Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.

10.     Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.

11.     Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.

12.     Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.  Defendant demands specific proof of same.

13.     Denied.

14.     Denied.

15.     The statement is an issue of law which speaks for itself.  Defendant denies that this statement of law entitles Plaintiff to any relief whatsoever.

16.     The statement is ambiguous and does not call for an admission or denial; however, out of an abundance of caution it is denied.

17.     The statement is ambiguous and does not call for an admission or denial; however, out of an abundance of caution it is denied.

18.     Denied.

19.     Denied.

20.     Denied.

The unnumbered sentence following paragraph 20 is denied.

### MEETING RICO'S CIVIL PROVISION REQUIREMENTS

### 18 U.S.C.A. §1962, PROHIBITED ACTIVITIES

(a)     Denied.

1.      Denied.

(b)     Denied.

(c)     Denied.

2.      The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

3.      The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

4.      The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

5.      The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

6.      Denied.

7.      The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

8.      The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

9.      The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

10.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

11.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

It is expressly denied that any elements for a RICO claim have been met.

RACKETEERING ACTIVITY, PREDICATE II

18 U.S.C.A. §1951 SECTION (2) EXTORTION

1.     Denied.

2.     Denied.

3.     Denied.

4.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

5.     Denied.

6.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

7.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

8.     The statement is ambiguous and does not call for an admission or denial; however, out of an abundance of caution it is denied.

9.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

10.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

11.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

12.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

13.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

14.     Denied.

15.     Denied.

The unnumbered sentence following paragraph 15 is denied.

<u>RACKETEERING ACTIVITY – PREDICATE II – THEFT</u>

1.     Denied.

2.     Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.  The documents attached as Exhibits speak for themselves.

3.     Denied.

4.     Denied

5.     Denied.

6.     Denied.

7.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

8.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

9.      The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

10.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

11.     Denied.

12.     Defendant is without information to form a belief regarding these allegations; therefore, out of an abundance of caution the allegations are denied.   History speaks for itself.

13.     The statement is an issue of law which speaks for itself. Defendant denies that this statement of law entitles inmate Hinton to any relief whatsoever.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

CLAIM FOR RELIEF

1.      Denied.  Defendant demands specific proof of same.

2.      Denied.  Defendant demands specific proof of same.

3.      Denied.  Defendant demands specific proof of same.

4.      Denied.  Defendant demands specific proof of same.

5.      Denied.  Defendant demands specific proof of same.

RELIEF REQUESTED

1(a).   Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

13

(b).    Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

2(a).    Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

(b).    Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

(c).    Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

The unnumbered paragraphs following 2(c) are purported statements of law which speaks for itself.  Defendant denies the purported statements of law entitle Plaintiff's to any relief whatsoever.

3(a).    Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

(b).    Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

(c).    Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

(d).    Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

(e).    Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

4(a).    Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

(b).     Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

(c).     Denied.  It is expressly denied that inmate Hinton is entitled to any claimed relief whatsoever.

And now, having fully answered the Complaint, Defendant Dennis Martin demands judgment in his favor dismissing this action, with prejudice, and awarding its taxable costs. Defendant further demands that this Court find that the lawsuit is frivolous, malicious and improperly filed pursuant the Prison Litigation Reform Act 42 U.S.C. §1997e, and fails to state a claim upon which relief may be granted pursuant 28 U.S.C. §1915(g).

Respectfully submitted, this the 12th day of December, 2016.


Dennis Martin

By his Attorneys,

Massey, Higginbotham, Vise & Phillips, P.A.


By: /s/ J. Wilbourn Vise
        J. Wilbourn Vise (MSB No. 10135)


OF COUNSEL:

G. Michael Massey (MSB No. 9404)
Massey, Higginbotham, Vise & Phillips, P. A.
3003 Lakeland Cove, Suite E
Flowood, Mississippi 39232
Telephone:  (601) 420-2200
Facsimile:   (601) 420-2202

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Dennis Martin, do hereby certify that I mailed via United States mail, postage prepaid, a true and correct copy of the above and foregoing to the following counsel of record:

> Henry Hinton, Jr.
> 200283
> Unit 29-G-B- #28
> P.O. Box 1057
> Parchman, MS 38738
> *PRO SE*

This the 12th day of December, 2016.

/s/ J. Wilbourn Vise
J. Wilbourn Vise