IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HENRY HINTON, JR.**                                                                                     **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:16-cv-616-WHB-JCG**

**DENNIS MARTIN and PREMIRE
SUPPLY, LLC**                                                         **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 22), filed by Defendants Dennis Martin and Premier Supply Link, LLC (incorrectly identified as "Premire Supply, LLC"). Plaintiff Henry Hinton, Jr. filed a Response (ECF No. 26), and Defendants filed a Reply (ECF No. 27). Plaintiff also filed a Sur-reply (ECF No. 30) without seeking leave of Court to do so. Defendants have moved to strike Plaintiff's Sur-reply. *See* (ECF No. 31). Having reviewed the submissions of the parties and relevant law, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 22) be GRANTED because Plaintiff failed to exhaust available administrative remedies before filing suit. Accordingly, the undersigned further recommends that Defendants' Motion to Strike (ECF No. 31), along with the other remaining pending motions (ECF No. 24), (ECF No. 29), (ECF No. 34), be found MOOT.

# I. BACKGROUND

Plaintiff is a postconviction prisoner in the custody of the Mississippi Department of Corrections ("MDOC") at Mississippi State Penitentiary ("MSP") in Parchman, Mississippi. However, he filed this lawsuit while he was being housed at Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi. Proceeding *pro se* and *in forma pauperis*, Plaintiff asserts claims against Defendants under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968.

In his Complaint, Plaintiff asserts that Defendant Martin is the "owner and or CEO" of Defendant Premier Supply, and that Premier Supply "has a contract with the (MDOC) to supply commissary goods to inmates at CMCF" and "unlawfully extract monies from inmate accounts" (ECF No. 1, at 4) (all sic in original). Plaintiff asserts that Defendants have committed illegal taxation without representation and property theft, which constitute predicate acts under RICO. *Id.* at 5. Although Plaintiff only specifically references RICO as the basis of his lawsuit, his allegations could also be reasonably construed as asserting a Fourteenth Amendment due process claim under 42 U.S.C. § 1983: Plaintiff alleges that Defendants "act under the color of state law," names Martin in his "individual and official capacities," and complains of "no policies posted … that give notice to these charges." *Id.* at 4, 11.

Defendants filed the instant Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 22) on January 6, 2017. In their Motion, Defendants aver that, although Plaintiff filed two Administrative

Remedy Program ("ARP") grievances relevant to the claims in this lawsuit, "MDOC rejected Plaintiff's grievances at the first step, never reaching the second step of considering his multiple claims on the merits. Inmate Hinton had *five days* from the date of MDOC's rejection to correct his grievances…. He failed to do that." (ECF No. 27, at 3) (emphasis in original). Furthermore, say Defendants, "Plaintiff admitted that he did not refile his grievances with MDOC, and there is, therefore, no genuine issue of material fact that Plaintiff failed to properly exhaust administrative remedies." *Id.* Defendants also submitted copies of each ARP grievance filed by Plaintiff, as well as the accompanying responses from MDOC. *See* (ECF No. 22-2); (ECF No. 22-3); (ECF No. 22-4); (ECF No. 22-5).

In his Response (ECF No. 26), Plaintiff does not challenge the material facts laid-out by Defendants. Rather, Plaintiff contends that his grievances contained only one complaint each, and that they were therefore improperly rejected. *See* (ECF No. 26, at 6-7). He elaborates upon this argument in his Sur-reply [all sic in original]:

> Plaintiff submitted his first grievance titled: Taxation without Repersentation to MDOC official for a response. MDOC officials erroneously rejected what was a properly filed grievance by claiming the grievance contained multiple complaints.
> In the rejection notice, MDOC official failed to note any of the multiple complaints, however, MDOC officials gave plaintiff (5) days to re-submit the document as a single complaint.
> After receiving the rejection, plaintiff in a attempt to comply read, and re-read the grievance trying to identify any other complaint. After multiple reading plaintiff could not discovery or find any other complaints other than

3

> illegal taxation which is the complaint presented in the grievance.
> After having failed to uncover any additional complaints, Plaintiff decided to appeal the MDOC rejection. To do so, Plaintiff turned to the MDOC hand book, Chapter VIII titled: Administrative Remedy Program.
> Studying these Rules, Plaintiff determined that there is "no" appeal for a MDOC rejection on procedural grounds.... Realizing there was not appeal option, the plaintiff was left wondering what to do, for example, how to exhaust? What to remove from the grievance? How to appeal, when no appeal is listed?

(ECF No. 30, at 2). Plaintiff then cites to *Moore v. Bennette*, 517 F.3d 717, 730 (4th Cir. 2008) for the proposition that "a no multiple issue rule [should not] be [sic] inforced where it [is] impossible for the prisoner to frame the claim that he wishe[s] to litigate without referring to other issues." *Id.* at 2-3. Plaintiff asks the Court to find that the instant lawsuit presents circumstances akin to *Moore*, such that it is impossible for Plaintiff to frame each grievance's claim without referring to other issues.

After reviewing the submission of the parties and relevant law, the Court determines that Plaintiff did not fully exhaust the ARP adopted by the MDOC before filing this lawsuit. Plaintiff's claims are therefore barred by 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust available administrative remedies, and Defendants' Motion for Summary Judgment (ECF No. 22) should therefore be granted.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

### B. The Prison Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the

5

unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

C. <u>The PLRA's Exhaustion Requirement</u>

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v.*

6

*Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

   D.  Plaintiff Did Not Exhaust MDOC's ARP

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented an ARP through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration.[1] Effective September 19, 2010, the ARP is a two-step process. *See Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

The parties agree that Plaintiff filed two grievances relevant to the claims alleged in the Complaint. The first grievance, marked received by the Inmate Legal Assistance Program ("ILAP") on May 23, 2016, complains that inmates at CMCF are illegally charged state taxes on commissary purchases and asserts that this constitutes "taxation without representation." In relief, the grievance requests that MDOC order the outside contractor (Premier Supply) to stop charging these taxes, refund all taxes paid for the past seven years, and provide both print and television notice advising inmates that they may seek a refund. (ECF No. 1-1, at 2-3). MDOC responded to this grievance by rejecting the request for administrative remedy on the basis that Plaintiff had filed "multiple complaints" and "must file each complaint separately." *Id.* at 1.

---

[1] *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx.

7

The second grievance, marked received by ILAP on June 2, 2016, asserts that Premier is illegally charging inmates and their families fees for commissary account services because inmate are not given any advance notice of these fees. (ECF No. 1-2, at 2-4). In relief, the grievance similarly asks MDOC to order Premier to stop charging inmates these fees, refund all fees charged, and provide both print and television notice advising inmates that they may seek a refund. *Id.* at 3. MDOC responded to this grievance by rejecting the request for administrative remedy on the basis that Plaintiff had filed "multiple complaints" and "must file each complaint separately." *Id.* at 1.

Plaintiff acknowledged, and the MDOC Inmate Handbook[2] provides, that "[i]f a request is rejected for technical reasons or matters of form, the inmate shall have five days from the date of rejection to file his/her corrected grievance." (ECF No. 27-1, at 3). Plaintiff admits that he did not file a corrected grievance. Rather, he concluded on his own "that there is 'no' appeal for a MDOC rejection on procedural grounds" and therefore took no further action within the ARP. (ECF No. 30, at 2). Plaintiff asserts that his grievances did not contain multiple complaints and that the denial of his grievances was therefore improper. *Id.*

Though not explicitly articulated, Plaintiff seems to be arguing that MDOC's administrative remedies were made unavailable to him and that Plaintiff should therefore be excused from the PLRA's exhaustion requirement. However, the Court cannot agree with Plaintiff's position. As an initial matter, the Fourth Circuit's

---

[2] *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx.

8

opinion in *Moore* is very specific to the facts of that case, and the language referenced by Plaintiff similarly analyzes those specific facts; it does not paint such a broad proposition:

> The district court determined that Moore failed to properly exhaust his administrative remedies because the only grievance he submitted concerning the facts of that claim contained multiple issues and failed to name any of the defendants in this case.
> We have already concluded that the latter ground is not a proper basis for finding that remedies have not been exhausted, and we conclude that the former basis is not valid either. At its essence, Moore's grievance was a complaint about being punished in various ways for conduct that he had never been informed of or charged with. Under these circumstances, requiring Moore to grieve each of the alleged components of his punishment separately would have prevented him from fairly presenting his claim in its entirety. Thus, we conclude that Moore's grievance was proper and that the district court erred in dismissing his retaliation claim.

*Moore*, 517 F.3d at 730. The *Moore* court was presented with a grievance that did, in fact, allege multiple complaints, but the court determined that the inmate could not fairly present his claim without alleging multiple complaints. Mr. Hinton simply disagrees with MDOC's characterization of his grievances as containing multiple complaints. These circumstances are, therefore, quite distinguishable.

Moreover, even if the Court were to find that Plaintiff has presented circumstances supported by the same logic in *Moore*, the *Moore* court's opinion does not square with established Fifth Circuit precedent that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust." *Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012). Posed with the argument that "MDOC did not

9

properly process [an inmate's] grievance," the Fifth Circuit held that such a claim did not excuse exhaustion:

> Taylor has not established a rare instance that would warrant waiver of the exhaustion requirement. *See Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir.1998) (overruled by implication on other grounds by *Jones v. Bock,* 549 U.S. 199, 215 (2007)). Taylor's assertion that the MDOC improperly processed his grievance does not excuse his failure to pursue all three steps of the grievance procedure. *See Wright* [*v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)]. Even if the relief he sought was unavailable under the grievance procedure or as a result of the way in which his grievance was processed, he is not excused from the exhaustion requirement. *See id.*

*Taylor v. Burns,* 371 F. App'x 479, 480-81 (5th Cir. 2010) (addressing the former MDOC ARP, which was a three step process).

Plaintiff's grievances were each returned to him rejected from the ARP. He was given five days to resubmit his grievances, and he did not. Plaintiff then filed the instant lawsuit. Therefore, the Court must conclude that Plaintiff failed to properly exhaust available administrative remedies before filing suit. *See Arevalo v. M.T.C.*, No. 3:13-CV-1032-LRA, 2014 WL 5529196, at *2-3 (S.D. Miss. Nov. 3, 2014).

### III.  RECOMMENDATION

It is recommended that the Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 22) filed by Defendants Dennis Martin and Premiere Supply Link, LLC be GRANTED, and that Plaintiff Henry Hinton, Jr.'s claims be dismissed without prejudice. It is further recommended that Defendants' Motion to Strike (ECF No. 31), along with the other

10

remaining pending motions (ECF No. 24), (ECF No. 29), (ECF No. 34), be found MOOT.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff via USPS certified mail.

**SIGNED,** this the 5th day of June, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE

11