IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


**HENRY HINTON, JR.**                                                  **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:16-cv-616-WHB-JCG**

**DENNIS MARTIN and**
**PREMIER SUPPLY, LLC**                                     **DEFENDANTS**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on Plaintiff's Objection to the Report and Recommendation entered by United States Magistrate Judge John C. Gargiulo. As Plaintiff is proceeding in this case *pro se*, the allegations in his pleadings have been liberally construed. <u>See</u> <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994). Having considered the pleadings, the underlying Report and Recommendation, as well as supporting and opposing authorities, the Court finds Plaintiff's Objection is not well taken and should be overruled.


**I. Discussion**s

At all times relevant to this case, Henry Hinton, Jr., ("Hinton"), was incarcerated at the Central Mississippi Correction Facility. In 2016, Hinton filed a lawsuit against Premier Supply, LLC, and its Chief Operating Officer/Owner, Dennis Martin.[1] In his

---

[1] Premier Supply, LLC, and Dennis Martin will be collectively referred to as "Defendants".

Complaint, Hinton complains, among other things, that Defendants have violated his constitutional and other rights. First, Hinton claims that he was subjected to "illegal taxation without representation" because he was forced to pay state and local sales tax on goods purchased from the prison commissary even though he, as an incarcerated "ward" of the state, is no longer represented by the state/municipal governments. Second, Hinton alleges that Defendants have violated his constitutional rights by "stealing" money from him, and that the alleged thievery also violates the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. § 1962, *et seq*. Hinton's "theft"-related allegations are based on claims that he and other inmates do not receive notice that Defendants charge fees, which are automatically withdrawn from their inmate accounts, at the time deposits are made to their accounts and/or when they check their account balances.

During the course of litigation, Defendants moved for summary judgment on the grounds that Hinton failed to exhaust his available administrative remedies before filing his lawsuit. As to this issue, the record shows that Hinton filed two grievances with the Mississippi Department of Corrections Administrative Remedy Program ("MDOC") relevant to the claims alleged in this lawsuit. The first grievance, which was filed on or about May 23, 2016, relates to Hinton's "taxation without representation" complaints. The second, which was filed on or about May 30, 2016, relates to Hinton's

"theft" complaints. Both grievances were rejected on the grounds they raised multiple complaints that needed to be filed separately. Although Hinton was granted five days from the dates on which his grievances were rejected to correct and re-file them, he chose to not do so. Additionally, Hinton did not appeal or otherwise administratively challenge the rejection of his initial grievances. Based on Hinton's failure to correct and re-submit his initial grievances, or to pursue any other administrative relief, Defendants argued that he had failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), codified at 42 U.S.C. § 1997e(a), to bring suit against them.

In response, Hinton did not dispute that he had neither corrected and re-filed his initial grievances, nor appealed or pursued any other administrative challenges with respect to the rejection of those grievances. Instead, Hinton argued that his initial grievances had been improperly rejected because each grievance only contained one complaint, and he could not determine either how to correct the initial grievances or appeal their having been rejected. Hinton further argued that because he did not know how to proceed with respect to the grievance procedure, any potential administrative remedies had been rendered unavailable to him and, therefore, the exhaustion requirement was not applicable.

The matter came before United States Magistrate Judge John C. Gargiulo who, after considering the pleadings, found (1) there did

not exist a genuine issue of material fact that Hinton had not exhausted his administrative remedies, and (2) there was no basis for finding that he was excused from the exhaustion requirement. See R and R [Docket No. 35]. Upon those findings, Judge Gargiulo recommended that summary judgment be granted in favor of Defendants, and that Hinton's complaint be dismissed without prejudice. Hinton timely objected to the Report and Recommendation ("R and R"). Under Rule 72(b) of the Federal Rules of Civil Procedure, a district judge has the authority to review a magistrate judge's report and recommendation and, upon the filing of a proper, timely objection, must conduct a *de novo* review. Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993)(citations omitted). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

In his objection, Hinton first challenges Judge Gargiulo's as-a-matter of law finding that a court does not have discretion to excuse an inmate's failure to exhaust administrative remedies. See Obj. [Docket No. 37], 2 (arguing that Judge Gargiulo noted that "District Courts have no discretion to excuse a prisoner's failure to properly exhaust" and that "the Magistrate's conclusion was erroneous."). Judge Gargiulo's finding, however, is amply supported by federal law. See Woodford v. Ngo, 548 U.S. 81, 85

4

(2006) (explaining that the exhaustion of administrative remedies requirement of the PLRA "is no longer left to the discretion of the district court, but is mandatory").

Second, Hinton objects to the R and R by arguing that there exists a fact issue as to whether the exhaustion requirement should apply to him because the MDOC "frustrated and impeded" his ability to exhaust his administrative remedies by improperly rejecting his grievances. The Court finds no support for this argument in the record.

The United States Supreme Court has found that "proper exhaustion of administrative remedies ... means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90 (citations omitted). Here, there are no issues of fact with respect to whether Hinton availed himself to all of the steps permitted under the MDOC Administrative Program. Again, as discussed above, the two grievances filed by Hinton were rejected by the MDOC on the grounds that each contained multiple complaints. After they were rejected, Hinton had an opportunity to correct and re-file the grievances within a five-day period. He did not. Instead, Hinton simply decided (1) there was nothing wrong with the initial grievances and, therefore, there was no requirement on his part to attempt to correct them, and (2) there was no avenue for him to challenge the allegedly improper rejection of his grievances

5

by the MDOC and, therefore, he was not required to pursue any additional administrative actions.

The Court finds that as there is no dispute that Hinton did not correct and re-file his grievances, and there is no dispute that Hinton made no further attemp and/or took no additional action to try to exhaust his administrative remedies, it must agree with Judge Gargiulo's finding that there does not exist a genuine issue of material fact with respect to whether Hinton satisfied the exhaustion requirement of the PLRA. Accordingly, after conducting a *de novo* review of the portions of the R and R to which Hinton objected, the Court finds the R and R is well reasoned and supported by applicable law. Accordingly, the Court will adopt the R and R over Hinton's objections.

## II. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 35] is hereby accepted and adopted over Plaintiff's Objection.

IT IS FURTHER ORDERED that the Motion of Defendants for Summary Judgment [Docket No. 22] is hereby granted.

IT IS FURTHER ORDERED that Plaintiff's Motions to Certify Class and for Partial Summary Judgment [Docket Nos. 24 and 29, and

the Motions of Defendants to Strike [Docket Nos. 31 and 34] are all hereby dismissed as moot.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 6th day of July, 2017.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE